UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CLEVEN MOORER,

    Plaintiff,

v.                                         Case No. 3:21cv990-MCR-HTC

UNITED STATES GOVERNMENT,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Cleven Moorer, a Massachusetts resident and prolific filer, proceeding *pro se*, initiated this action by filing a complaint against the "United States Government." ECF Doc. 1. Plaintiff neither filed a motion to proceed *in forma pauperis* nor paid the requisite filing fee, which he is required to do "simultaneously" with the filing of the complaint. N.D. Fla. Loc. R. 5.3. The matter was referred to the undersigned for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(E). Upon consideration, the undersigned recommends this case be dismissed *sua sponte*, as frivolous and for failure to comply with the Court's local rules.

Plaintiff has a history of filing frivolous suits with this Court – all of which have been dismissed, including the following: (1) *Moorer v. Vinson*,

321cv84TKW/EMT, a case against Senior District Judge Roger Vinson; (2) *Moorer v. Davis*, 321cv583MCR/HTC—a case against Magistrate Judge Miles Davis; (3) *Moorer v. Queen Elizabeth, et al.*, 321cv874MCR/HTC; and (4) *Moorer v. Donald Trump, et al.*, 321cv872MCR/HTC.[1]  Plaintiff's complaint, here, which appears to arise out of the same claims as those asserted in the above cases – i.e., Plaintiff's claim that he is not receiving social security payments to which he is entitled and awarded in a prior litigation, is just more of the same and fares no better.

Plaintiff initiated this action by filing a complaint on an old version of this Court's form.  In the "Defendant(s)" section, Plaintiff identifies only the United States Government, and fails to provide an address.  ECF Doc. 1 at 5.  As the basis for this Court's jurisdiction, Plaintiff states "I am on suicide mission for 34 years.  The rulings from my [illegible] case 222 haven't gotten a penny to me.  I must walk everywhere in danger, for [illegible].  I am very sick [illegible]." *Id.*  In the Statement of Claims, Plaintiff states, "The social security is 2 checks short [remainder of sentence illegible].  The court sent me to get my checks, but social security said no." *Id.* at 6.  As relief, Plaintiff seeks "3 times the amount of money prepaid by the social security in the 222 case." *Id.* at 7.

---

[1] Plaintiff also filed the following two cases, which were dismissed on other grounds:  (1) *Moorer v. Yonkers City Jail, et al.*, 311cv248MCR/EMT, dismissed for improper venue and (2) *Moorer v. Viviano*, 311cv167MCR/EMT, dismissed for failing to state a claim.

Case No. 3:21cv990-MCR-HTC

Attached to Plaintiff's complaint is a 3-page letter, which contains a series of random and illogical statements. As best the court can discern, the following statements, when read liberally, arguably relate to the complaint: Plaintiff received one check social security check and is missing two each month. ECF Doc. 1-1. The lady who handled Plaintiff's #222 lawsuit was the lady behind the counter, and she "sent [him] to the social security office in Pensacola, Florida to get his checks but 'no' was the answer." *Id.* He had the "court lady direct telephone the social security lady" who told him he couldn't have his money because it does not come over the computer. *Id.* Judge Roger Vinson sent him to ask for his money at social security at 20' Broadway Yonkers, New York. *Id.* They also replied that he could not get his money because it does not come over the computer. *Id.*

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief [.]" *Id.* "The Supreme Court has explained that a claim for relief must contain sufficient factual allegations to cross 'the line between possibility and plausibility.'" *Guthrie v. U.S. Gov't*, 618 F. App'x 612, 617 (11th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557(2007)). "That is, although the district court is bound to 'accept as true all of the allegations contained in a complaint,' this is limited by the rule that 'only a complaint that states a plausible

claim for relief survives a motion to dismiss.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)).

"Related to this is the rule that a district court has the inherent power to dismiss an action that is 'so patently lacking in merit as to be frivolous.'" *Id.* (quoting *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 & n.3 (11th Cir. 1983)); *see also Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (affirming district courts' inherent authority to dismiss frivolous claims sua sponte). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990)); *see also Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (noting "a case is frivolous for section 1915(d) [now 28 U.S.C. § 1915(e)(2)(B)(i)] when it appears the plaintiff has little or no chance of success") (internal marks omitted). In this instance, it is clear Plaintiff has failed to plead anything close to approaching an actionable claim.

As stated above, this is yet another case in a series of cases Plaintiff has filed seeking relief he believes he was granted in case number 3:98cv222, *Moorer v. Apfel*. As Chief Magistrate Judge Timothy told Plaintiff in her report and recommended in *Moorer v. Vinson*, "[n]o judgment, monetary or otherwise, was entered in favor of Plaintiff in that case. To the contrary , the case was dismissed on Defendant's motion." ECF Doc. 6, 321cv84-TKW-EMT. Nonetheless, Plaintiff has

barraged this Court with one case after another – first against Judge Vinson, then Judge Davis, then President Trump and all presidents and vice presidents since 1952, then Queen Elizabeth and the Parliament, and now the "United States Government" for recovery of social security benefits he believes were awarded to him in *Apfel*.

Putting aside the false premise on which Plaintiff's claim is based, this case should be dismissed because Plaintiff has simply alleged no cognizable claim for relief and any such claim against the United States is barred by sovereign immunity, which has not been waived. *FDIC v. Meyers,* 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit"); *see also, Lynch v. U.S.* Gov't, 2009 WL 2949770 at *1 (N.D. Tex. Sept. 14, 2009) (dismissing complaint as "inarticulate rambling naming the United States government as the defendant"). "The parameters of a federal court's subject matter jurisdiction to consider claims brought against the United States are established by the terms upon which the United States waives its sovereign immunity." *McCorkle v. Hart, No. 94-301-CIV-T-24(B),* 1994 WL 505122, at *1 (M.D. Fla. June 9, 1994), aff'd, 58 F.3d 640 (11th Cir. 1995) (*citing Affiliated Ute Citizens of Utah v. United States,* 406 U.S. 128, 141 (1972); *Hawaii v. Gordon,* 373 U.S. 57 (1963)). Plaintiff has failed to allege that the United States has waived its sovereign immunity with regard to the claims he asserts in this action. As such, the court lacks subject matter jurisdiction to grant the relief he requests. *Gailor v. United States Gov't*, No.

3:20CV5987/MCR/EMT, 2020 WL 8371210, at *1 (N.D. Fla. Dec. 17, 2020), *report and recommendation adopted,* No. 3:20CV5987-MCR-EMT, 2021 WL 326139 (N.D. Fla. Feb. 1, 2021) (dismissing action against the United States Government *sua sponte* as frivolous).

Generally, "a district court must grant a plaintiff at least one opportunity to amend their claims before dismissing them if it appears a more carefully drafted complaint might state a claim upon which relief can be granted." *Silva v. Bieluch*, 351 F.3d 1045, 1048–49 (11th Cir. 2003). However, an opportunity to amend is not necessary when the defects in the complaint are incurable and an amendment would be futile. *Rance v. Winn*, 287 F. App'x 840, 841 (11th Cir. 2008) ("[D]istrict courts need not permit amendment where it would be futile to do so."). Instead, a district court may *sua sponte* "dismiss an action that is 'so patently lacking in merit as to be frivolous.'" *Guthrie v. U.S. Gov't*, 618 F. App'x. 612, 617 (11th Cir. 2015) (quoting *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 n.3 (11th Cir. 1983)). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Central State Hospital*, 898 F.2d 126, 129 (11th Cir. 1990)).

District courts have "'unquestionable' authority to control their own dockets. This authority includes 'broad discretion in deciding how best to manage the cases before them.'" *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014)

(citations omitted).  Thus, a district court may *sua sponte* dismiss a *pro se* litigant's complaint, where the plaintiff cannot cure the defects by amending his complaint, or an amendment would be futile.  See *Horn v. Estate of Camacho*, 817 F. App'x 872, 874 (11th Cir. 2020); *Woldeab v. DeKalb Cnty Bd. of Ed.*, 885 F.3d 1289, 1291 (11th Cir. 2018).  Indeed, while a court should read a *pro se* complaint liberally, "early evaluation of the potential merits of a pro se litigant's claim is very important because initial screening by the court can eliminate patently frivolous actions." *See, e.g.*, *Gonzalez v. Citicorp Credit Srvcs., Inc.*, 2015 WL 13776794 (S.D. Fla. May 18, 2015), *adopting report and recommendation*, 2015 WL 13776795 (June 22, 2015).

Dismissal is also warranted on the separate ground that Plaintiff failed to comply with this Court's local rules, requiring him to file a motion to proceed *in forma pauperis* or pay the full filing fee.  As discussed herein, this is not Plaintiff's first filing in this Court.  Given his numerous prior filings, Plaintiff knows he is required to pay the filing fee or seek indigency status at the time he files his complaint.

For the reasons discussed above, the undersigned finds a *sua sponte* dismissal to be necessary in this case.  See *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (noting that, before dismissing an action *sua sponte*, the court must ensure that it employs a procedure that is fair, which generally includes "provid[ing] the

plaintiff with notice of its intent to dismiss or an opportunity to respond"); *Shivers v. Int'l Bhd. of Elec. Workers Local Union*, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment). Plaintiff's complaint "fails to advance any claim that has merit in fact or law." *See Sledge v. United States*, 2021 WL 1030153 at *2, 1:21-cv-10-MW-GRJ (N.D. Fla. Feb. 22, 2021) (dismissing claim against the United States as frivolous because it "alleges 'claims of infringement of a legal interest which clearly does not exist'" and is barred by sovereign immunity), *report and recommendation adopted*, ECF Doc. 7.

Accordingly, it is respectfully RECOMMENDED:

1. This case be DISMISSED as frivolous.

2. The clerk be directed to close the file.

At Pensacola, Florida this 9th day of September, 2021.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other

parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.